

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-19-2009

# Eric Kellerman v. UPMC St Margaret

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1685

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Eric Kellerman v. UPMC St Margaret" (2009). *2009 Decisions.* Paper 1721.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1721

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-1685

_____

ERIC KELLERMAN,
                              Appellant

v.

UPMC ST. MARGARET,

_____

Appeal from the United States District Court
For the Western District of Pennsylvania
(2-06-cv-00528)
Honorable Terrence F. McVerry, U.S. District Judge

_____

Argued:  February 2, 2009

Before: McKEE, STAPLETON, *Circuit Judges*
and IRENAS,[*] *District Judge*

(Filed: March 19, 2009)

_____

[*]  The Honorable Joseph E. Irenas, Senior United States District Judge for the District of New Jersey, sitting by designation.

Samuel J. Cordes, Esq.
John E. Black, III, Esq.
Ogg, Cordes, Murphy & Ignelzi
245 Fort Pitt Boulevard
Pittsburgh, PA 15222‑0000

*Counsel for the Appellant*


Allison Feldstein, Esq.
John J. Myers, Esq.
Eckert, Seamans, Cherin & Mellott
Suite 200, 600 Grant Street
44th Floor, US. Steel Tower
Pittsburgh, PA 15219-0000

*Counsel for the Appellee*


**OPINION OF THE COURT**

McKEE, Circuit Judge

Eric Kellerman ("Kellerman") appeals the entry of summary judgment in favor of UPMC St. Margaret Hospital ("SMH") in the United States District Court for the Western District of Pennsylvania dismissing Kellerman's claims of sexual harassment and retaliation. For the reasons that follow, we conclude that there are genuine issues of material fact as to both claims and will therefore reverse the grant of summary judgment.

**I.**

Because we write primarily for the parties, it is not necessary to recite the facts or

history of this case except insofar as may be helpful to our brief discussion.[1]  With regard

to Kellerman's sexual harassment claim, the district court found that Kellerman did not

establish respondeat superior liability, the fifth prong of the *Andrews* test.[2]  Kellerman

now argues that the district court erred in holding so because he gave SMH management

notice that Ms. Hemphill was harassing him and management failed to adequately

respond.  The district court dismissed Kellerman's retaliation claim based on its

conclusion that he had not established a causal nexus between his sexual harassment

complaint and his termination.[3]  On appeal, Kellerman argues that there is a factual

---

[1] The standard of review for an order granting summary judgment is plenary. *Knabe v. Boury Corp.*, 114 F.3d 407, 410 n.10 (3d Cir. 1997).  The record is considered in the light most favorable to the non-moving party.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Viewed in that light, the record must establish that there are specific genuine issues of material fact for trial.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 256 (1986).

[2] *See Andrews v. City of Philadelphia*, 895 F.2d 1469, 1482 (3d Cir. 1990) (setting forth the test for sexual harassment where the plaintiff must prove (1) he suffered intentional discrimination because of his sex; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected him; (4) the discrimination would detrimentally affect a reasonable person of the same sex in that position; and (5) the existence of respondent superior liability).  The district court noted that because the fifth prong was not established, it was not necessary to decide whether the second prong was established.  *Kellerman v. UPMC St. Margaret*, 2008 U.S. Dist. LEXIS 10064 at *22 n.4.(W.D.Pa. Feb 11, 2008).

[3] *See Moore v. City of Philadelphia*, 461 F.3d 331, 340-41 (3d Cir. 2006) (to establish a claim of retaliation under Title VII, a plaintiff must prove that (1) he engaged in activity protected by Title VII; (2) the employer took an adverse action against him; and (3) there was a causal connection between his participation in the protected activity and the adverse employment action). The district court noted that because it found a lack of causal connection, it did not need to decide whether Kellerman actually engaged in protected activity.  *Kellerman*, 2008 U.S. Dist. LEXIS 10064, at *27  n.5.

3

dispute based on the timing of the termination of his employment as well as evidence that SMH management already knew about his previous employment at Divine Providence Hospital well before they chose to terminate his employment. He relies upon the latter to argue that a factfinder could regard SMH's reason for terminating him as pretextual and instead conclude that he was actually terminated because he engaged in activity that is protected under Title VII.

## II.

To establish respondent superior liability and thereby satisfy the fifth prong of *Andrews*, an employee must present sufficient evidence to raise genuine issues of material fact about whether the "defendant knew or should have known of the harassment and failed to take prompt remedial action." *Andrews*, 895 F.2d at 1486 (internal quotation marks and citations omitted). Once an employer has notice of alleged harassment, it must take prompt remedial action that is reasonably calculated to prevent further harassment. *Knabe*, 114 F.3d at 412.

Whether SMH took prompt remedial action upon learning of the harassment cannot be determined on summary judgement because there is a material dispute about when SMH knew of Hemphill's alleged harassment. Kellerman claims that in November, 2003, he complained about Hemphill's conduct to Reed and shortly thereafter to Naples and Fantini. According to Kellerman, those complaints put SMH on notice that he was being sexually harassed because he said Hemphill was "infatuated" and "bothering him."

4

The district court disagreed. The court concluded that SMH was not given notice of the sexual nature of the harassment until Kellerman's May 2004 complaint to Saunders, because until then Kellerman had only referred to Hemphill's letters and cards, but did not specifically complain that her conduct had anything to do with his gender.

There is obviously a factual dispute about when Kellerman first notified SMH of the alleged harassment as well as whether the notice given was adequate to place SMH on notice that Hemphill's conduct toward Kellerman was gender based. Following the November meeting, SMH issued a verbal warning to Hemphill, but the adequacy of that warning is yet another factual dispute that cannot be resolved at the summary judgment stage. Moreover, in May, 2004, when Kellerman produced overtly sexual letters, SMH suspended Hemphill for five days and then transferred her to a different shift. Although she never worked with Kellerman again, we believe the adequacy of that response is also an issue of fact material to SMH's liability under Title VII.

Accordingly, Kellerman's claim of gender discrimination cannot be resolved by a motion for summary judgment, and the district court erred by granting summary judgment on that claim.

## III.

Kellerman also argues that the district court erred in granting summary judgment to SMH on his retaliation claim. Under § 704(a) of Title VII, an employer is prohibited from retaliating against an employee "because he has opposed any practice made an

5

unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a). The district court found that Kellerman failed to establish a *prima facie* case for retaliation because he did not establish a causal connection between his sexual harassment complaint and the termination of his employment.

Kellerman claims that the timing of his termination is "unusually suggestive" because he was terminated less than a month after he filed his complaint in 2004. The law is well settled that a plaintiff may establish a causal connection by showing a sufficiently suggestive temporal relationship between the protected activity and the alleged retaliatory conduct or by submitting "circumstantial evidence . . . that give[s] rise to an inference of causation." *Marra v. Philadelphia Hous. Auth.*, 497 F.3d 286, 302 (3d Cir. 2007). While there is no *per se* rule about relying on temporal proximity to establish causation in retaliation cases, the probative value depends on "how proximate the events actually were, and the context in which the issue came before us." *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 279 (3d Cir. 2000).

SMH argues that the timing here is not sufficient to establish causation. Although there is some authority suggesting that timing alone is not sufficient to establish a causal connection, *Delli Santi v. CNA Ins. Co,* 88 F.3d 192, 199 n.1 (3d Cir. 1996), we have also explained that timing that is "'unusually suggestive' of retaliatory motive" may establish a causal link. *Krouse v. American Sterilizer Co.*, 126 F.3d 494, 503 (3d Cir. 1997) (citing *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1302 (3d Cir. 1997)). Whether or not

6

timing alone would be sufficient, Kellerman has produced additional evidence of pretext. At the deposition, he testified that he told SMH of his prior employment history at Divine Providence when he was first interviewed for the job in March,2 002, but that his failure to include that prior employment on his job application did not become an issue until after he filed his EEOC complaint. We agree that the timing of his termination combined with evidence of a pretextual explanation for his termination is sufficient to establish a *prima facie* case of retaliatory dismissal.

Where a plaintiff establishes a *prima facie* retaliation case, the burden shifts to the defendant to articulate a legitimate, non-retaliatory reason for the adverse action. *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 142 (2000). SMH relies on Kellerman's inaccurate employment application. SMH claims that it did not learn of Kellerman's past employment at Divine Providence Hospital until Marty Kling informed Reed in June 2004 that Kellerman had "walked off the job" there, and that it had every right to then terminate him pursuant to its corrective action policy. According to Kellerman, however, SMH knew of his past employment with Divine Providence Hospital as early as March 2003, yet did not terminate his employment until a year later, three weeks after he complained of sexual harassment.

It is not for a court to decide the significance, if any, of the timing of Kellerman's termination or when SMH learned of his prior employment. Such disputes must be resolved by a factfinder, and the district court therefore erred in granting summary

judgment on the retaliation claim.

## IV.

For the reasons stated above, we reverse summary judgment for SMH on Kellerman's sexual harassment and retaliation claims and remand for further proceedings consistent with this opinion.